UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

    GERALD A. GUNNER,

        Debtor.
_____/

Case No. 10-72972
Chapter 7
Hon. Walter Shapero

GENERAL MOTORS, LLC,

        Plaintiff,

v.

GERALD A. GUNNER,

        Defendant.
_____/

Adv. Pro. No. 10-07685

## OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

### INTRODUCTION

Plaintiff commenced a multiple count nondischargeability action under 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6) & 727(a)(2)(A), (a)(2)(B). Before the Court is Plaintiff's motion for summary judgment on the § 523(6) count based on the alleged collateral estoppel effect of a state court judgment finding Defendant liable for conversion.

### FACTS

For all relevant dates hereafter, Gerald Gunner ("Defendant") was the owner, president, and operator of Jonner Steel Industries, Inc. ("Jonner Steel"). In its complaint in this adversary proceeding, Plaintiff alleges:

During and before 2004, GM issued Steel Resale Special Contracts… to Jonnner Steel whereby Jonner Steel was to provide various steel products. Jonner Steel would invoice GM for the steel requirements shipped under the GM contracts, and GM would then pay these invoices. During 2004 and 2005, Jonner Steel submitted invoices to GM that reflected the weight of the steel provided in pounds instead of kilograms. As GM paid the GM contracts based on weight and kilograms sold, and the Jonner Steel invoices reflected the weight of the steel provided in pounds, during an eleventh [sic] month period from April 2, 2004, through March 7, 2005, GM made eight separate overpayments to Jonner Steel totaling $438,923.31.

(Complaint (Docket No. 1) ¶¶ 22-25.) After set-off and a minor miscellaneous adjustment, GM ("Plaintiff") calculated that Jonner Steel and Defendant owed it a total of $358,152.23.

Plaintiff previously brought a suit for that amount in the Circuit Court of Wayne County, Michigan (Case No. 07-726-961 CZ, hereinafter "state court action") against Gunner and his company, jointly and severally, on four theories: (1) conversion; (2) fraud; (3) unjust enrichment; and (4) constructive trust.[1] On December 3, 2008, the state court held a hearing on cross-motions for summary judgment, at the conclusion of which the Judge rendered her ruling:

Okay. I am ruling. It's denied on the constructive trust, because it's a hollow remedy at this point in time. It's denied on the unjust enrichment because there are expressed contracts upon which you can recover. Denied on the fraud because I do not think you showed the element of justifiable reliance where they could have examined their own records and compared pounds to kilograms. But I'm going to grant it on the conversion. … Well, I'm going to grant it on both defendants.

(Def.'s Objections Pl.'s Mot. Summ. J. (Docket No. 39), Attachment No. 8, Tr. 57-58.) That Judge entered an order on March 5, 2009 stating:

IT IS HEREBY ORDERED that the referenced motion of Plaintiff General Motors Corporation … is granted, in part, on GM's conversion claim as against both Defendant Jonner Steel Industries, Inc. … and Defendant Gerald A. Gunner… for the reasons stated on the record.

---

[1] During the state court litigation, the plaintiff was twice substituted. This was a result of GM's reorganization through its bankruptcy and the subsequent transfer of this claim.

> \*\*\*
>
> IT IS FURTHER ORDERED that Defendants' request for summary disposition under MCR 2.116(I)(2) is granted as to GM's claims of fraud, unjust enrichment, and constructive trust and these claims are dismissed for the reasons stated on the record.

(Def.'s Objections Pl.'s Mot. Summ. J. (Docket No. 39), Attachment No. 7). After issuing another summary disposition order regarding damages, the court entered a final judgment on March 12, 2010, awarding Plaintiff $358,152.23. (Pl.'s Mot. Summ. J. (Docket No. 36), Attachment No. 6-C).

Defendant subsequently filed his Chapter 7 bankruptcy case on October 28, 2010, reflecting the judgment debt (and judgment lien) on Schedule D. Thereafter, Plaintiff filed this multiple count nondischargeability action as noted, and then filed the motion for summary judgment, presently before this Court, on the limited averment that the state court ruling finding Defendant liable for conversion necessarily and, as a matter of law, satisfies the requirements for nondischargeability under § 523(a)(6). Defendant specifically defends arguing (1) that the requirements for a § 523(a)(6) action are not necessarily satisfied, because the state court, in finding him liable for conversion, was not required to find that he intended to cause the harm or was substantially certain that such harm would occur; and (2) Plaintiff lacks standing, as it has not established that it is the proper party in interest.

## DISCUSSION

Fed.R.Civ.P. 56(c) provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he

mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48 (emphasis original). A "genuine" issue is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

"The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." Kalamazoo River Study Grp. v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). "The burden then shifts to the non-moving party to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict for the non-moving party." Kalamazoo River Study Grp., 171 F.3d at 1068 (citing Anderson, 477 U.S. at 248). "The non-moving party, however, must provide more than mere allegations or denials… without giving any significant probative evidence to support" its position. Berryman v. Rieger, 150 F.3d 561, 566 (6th Cir. 1998) (citing Anderson, 447 U.S. at 256). Plaintiff is the moving party here, and it is doing so only with reference to its § 523(a)(6) nondischargeability charge. In order to satisfy the requirements of § 523(a)(6), a plaintiff must prove by a preponderance of the evidence that a defendant "willfully and maliciously" injured it. See § 523(a)(6); Grogan v. Garner, 498 U.S. 279, 291 (1991).

The terms "willful" and "malicious" are distinct and separate concepts. *In re Martin*, 321 B.R. 437, 440 (Bankr. N.D. Ohio 2004). For a debt to be non-dischargeable, the *injury* must have been both willful and intentional, not just the *act* giving rise to injury. Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). To establish that a defendant "willfully" injured it, a plaintiff

must show that the defendant either acted with an actual intent to cause their alleged injury or a belief that the alleged injury was substantially certain to result from his act. See Phillips v. Weissert (In re Phillips), 434 B.R. 475, 483 (B.A.P. 6th Cir. 2010) (citing Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 463 (6th Cir. 1999)). In order to establish that a defendant "maliciously" injured it, a plaintiff must show that the defendant acted in disregard of his duties or without just cause or excuse. Phillips, 434 B.R. at 483 (quoting Wheeler v. Laudani, 783 F.2d 610, 615 (6th Cir. 1986)).

Plaintiff claims that the state court judgment satisfies those § 523(a)(6) requirements, and that the doctrine of collateral estoppel precludes this Court from relitigating those issues. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. U.S., 440 U.S. 147, 153 (1979) (citations omitted). In Livingston v. Transnation Title Ins. Co. (In re Livingston), 372 Fed. Appx. 613, 617 (6th Cir. 2010) (citations omitted). The Sixth Circuit Court of Appeals confirmed that principles of collateral estoppel apply in § 523(a) actions. See Grogan, 498 U.S. at 285 n.11 ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). In Livingston, 372 Fed. Appx. at 617, the Sixth Circuit followed another bankruptcy court in this district in looking to Michigan law to determine whether a Michigan state court judgment has a preclusive effect. See also Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered.").

Under Michigan law, collateral estoppel applies when:

(1) there is identity of parties across the proceedings,
(2) there was a valid, final judgment in the first proceeding,
(3) the same issue was actually litigated and necessarily determined in the first proceeding, and
(4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

Phillips v. Weissert (In re Phillips), 434 B.R. 475, 485 (B.A.P. 6th 2010) (citing Hinchman v. Moore, 312 F.3d 198, 202 (6th Cir. 2002) (citations omitted)). The only element of collateral estoppel disputed in the present motion is the third element. With regard to that element, Michigan law provides that "an issue is 'actually litigated' if it is 'put in issue by the pleadings, submitted to the trier of fact for determination, and is thereafter determined.' " Phillips, 434 B.R. at 486 (quoting Latimer v. William Mueller & Son, Inc., 386 N.W.2d 618, 618, 627 (Mich. Ct. App. 1986)).

An issue is "necessarily determined" for purposes of Michigan law if it is "essential to the judgment." Livingston, 372 Fed. Appx. at 617 (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 329 (1971) (citation omitted)). "If issues are determined *but the judgment is not dependent upon the determinations*, relitigation of those issues in a subsequent action between the parties is not precluded." Restatement (Second) of Judgments § 27 (1982) (emphasis added); see Santana-Albarran v. Ashcroft, 393 F.3d 699, 705-706 (6th Cir. 2005) (denying collateral estoppel on the first court's ruling on *when* an individual last entered the U.S. because the only necessary and essential issues were his alien status and his illegal entry into the U.S.). "The inability of a court to determine the basis for the prior judgment is, by itself, enough to preclude the defense of collateral estoppel." In re Livingston, 372 Fed. Appx. 613, 618 (6th Cir. 2010) (unpublished) (quoting Restatement (Second) of Judgments § 27 (1982)).

Plaintiff seems to argue that, because conversion is an intentional tort that involves willful conduct, it follows that this conversion qualifies as willful and malicious. Plaintiff supports this argument by stressing the depth of the state court's inquiry into Defendant's culpability throughout the transactions. Defendant argues that although the state court found him liable for conversion, it did not necessarily determine that he acted willfully and maliciously. Defendant is correct because conversion under Michigan law does not necessarily and essentially require such a finding.

> In <u>Davis v. Aetna Acceptance Co.</u>, [293 U.S. 328 (1934)], the U.S. Supreme Court interpreted the statutory language of then § 17(2) of the Bankruptcy Act, which is now § 523(a)(6), and explained "that an act of conversion, if willful and malicious, is an injury to property within the scope of this exception." [<u>Id.</u> at 332]. The Court gave an example "where the wrong was unexcused and wanton." <u>Id.</u> (citing <u>McIntyre v. Kavanaugh</u>, [242 U.S. 138 (1916)]). The Court went on to explain that
>
>> a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice. There may be an honest but mistaken belief, engendered by a course of dealing that powers have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a willful and malicious one.
>
> <u>Id.</u> (citations omitted). With reliance on <u>Davis v. Aetna</u>, the Supreme Court made clear in <u>Geiger</u> "that not every tort judgment for conversion is exempt from discharge. Negligent or reckless acts … do not suffice to establish that a resulting injury is 'willful and malicious.'" <u>Kawaauhau v. Geiger</u>, 523 U.S. [57, 63-64 (1998)] (citation omitted.)

<u>Morganroth & Morganroth, PLLC v. Stollman (In re Stollman)</u>, 404 B.R. 244, 262 (Bankr. E.D. Mich. 2009) (Shefferly, C.J.); <u>see</u> <u>In re Pitner</u>, 696 F.2d 447, 448 (6th Cir. 1982) (because the act of intentionally and fatally shooting a victim was necessarily and actually ruled to be willful and

malicious, collateral estoppel applies to preclude the bankruptcy court from relitigating that issue). Plaintiff's state court complaint alleged that Defendant acted fraudulently, wrongfully, and in bad faith. (State Ct. Complaint. (Docket No. 36), Attachment 6-D). Interestingly, it does not allege or use the terms "willful" or "malicious." Even though Defendant might have been culpable to a high degree, none of these allegations are, as a matter of law, necessary and essential to a conversion claim.

As this Court recently made clear, "[I]n order for an act of conversion to constitute a willful and malicious injury under § 523(a)(6), the Defendant must have 'intended to cause the harm' or must have been 'substantially certain that such harm would occur.'" Higbie v. Debaeke (In re Debaeke), 2011 WL 5563543 at *5 (Bankr. E.D. Mich. 2011). Hence, the succinct issue that is disputed in Plaintiff's motion for summary judgment is: **whether the state court, in finding Defendant liable for conversion, also <u>necessarily and essentially</u> found that Defendant intended to cause the harm or was substantially certain such harm would occur.** This Court, having reviewed the pertinent state court's record and ruling, finds that Plaintiff has not met its burden of proof and is thus not entitled to summary judgment.

Lastly, with regard to Defendant's objection to Plaintiff's standing in this matter, collateral estoppel bars Defendant from relitigating the issue before this Court. Defendant's argument is that Plaintiff, General Motors, LLC, has not proven it is the proper holder of the claim, which was originally incurred by General Motors Corporation. This defense stems from the reorganization of GM in its bankruptcy. Plaintiff contends that, incidentally, the claim was properly transferred from General Motors Corporation to General Motors, LLC, and that standing is thus not an issue.

During state court proceedings, a motion was submitted to substitute General Motors, LLC as the plaintiff. (Pl.'s Brief in Support of Summ. J. (Docket. No. 46), Attachment C). This motion stated the reasons supporting the assertion that General Motors, LLC was the holder of the claim. The state court, after reviewing the motion and holding a hearing, allowed this substitution of parties and then entered a judgment in favor of the substituted plaintiff, General Motors, LLC. (Pl.'s Brief in Support of Summ. J. (Docket. No. 46), Attachments E, F). In doing so, the state court issued a valid, final judgment on the issue of whether General Motors, LLC is the holder of the claim, an issue that was actually and necessarily determined. Defendant had a full and fair opportunity to litigate this standing matter before the state court. Therefore, this Court finds that collateral estoppel precludes Defendant from relitigating the standing defense.

## CONCLUSION

This Court hereby denies Plaintiff's motion for summary judgment, and an order to that effect is being entered concurrently.

**Signed on January 30, 2013**

                                                     /s/ Walter Shapero
                                                   **Walter Shapero**
                                                   **United States Bankruptcy Judge**